## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN (Detroit)

In re:                                          Chapter 7 No. 18-54895-mar
Ronald Vern Huskins
               Debtor.               Hon. Mark A. Randon

                                       /

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ENTRY OF ORDER WAIVING THE PROVISION OF FRBP 4001(A)(3)

NOW COMES Wells Fargo Bank, NA as servicing agent for HSBC Bank USA, National Association as Trustee for MASTR Reperforming Loan Trust 2006-2 ("Wells Fargo"), by and through its attorneys, Trott Law, P.C., and shows unto this Honorable Court as follows:

1. That Wells Fargo is a holder of a mortgage on property owned by the Debtor(s) and located at 4233 Sycamore Street, Palmyra, MI 49268 (see attached copy of loan document(s));

2. That the Debtor(s) filed Chapter 7 Bankruptcy on November 2, 2018;

3. That pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the court shall grant relief from stay for cause, including lack of adequate protection of such party in interest;

4. That pursuant to the mortgage agreement, the Debtor(s) are required to remit monthly payments to Wells Fargo currently in the amount of $803.75;

5. That Trott Law, P.C. has been informed by Wells Fargo that, the Debtor(s) has failed to remit the required payments;

6. That Wells Fargo is not adequately protected as the direct payments are not being remitted and the loan is currently six (6) months in default, due and owing for June 1, 2018 as of November 29, 2018. At the time of the default, the payment amount was $803.75. Payment amounts may have changed since that time;

7. That pursuant to the Statement of Intention, the subject property is to be surrendered;

8. That pursuant to 11 U.S.C. § 362(d)(2)(A) and (B), the Court shall grant relief from the stay if the Debtors do not have any equity in the property and the property is not necessary to an effective reorganization;

**TROTT LAW, P.C.**
31440 NORTHWESTERN
HWY
STE. 145
FARMINGTON HILLS, MI
48334-5422
PHONE 248.642.2515
FACSIMILE 248.642.3628

9. That the approximate market value of the subject property is $20,000.00, according to Schedule A & D;

10. That as of November 29, 2018, the total debt owing to Wells Fargo was approximately $51,436.33;

11. That in addition to the amounts due to Movant reflected in this motion, as of the date hereof, Movant may incur legal fees and costs in the amount of $931.00 in connection with seeking the relief requested in this Motion;

12. That State of Michigan and Internal Revenue Service may have an interest in the subject property to the knowledge and belief of Wells Fargo;

13. That no other creditor will receive any benefit from the sale of the subject property;

14. Wells Fargo requests termination of the automatic stay of 11 U.S.C. § 362(a) to allow Wells Fargo (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and/or obtain possession of the property.

15. That in the event the automatic stay is terminated to allow Wells Fargo to commence or continue its federal and/or state law rights as to the property, and Wells Fargo deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s)/homeowner(s), Wells Fargo may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as the Debtor(s) should Wells Fargo seek to shorten the redemption period.

16. That Wells Fargo and/or its successors and assigns further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement, deed in lieu of foreclosure/short sale, or other loss mitigation solution. That Wells Fargo may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

17. That pursuant to Local Bankruptcy Rule 9014-1(b)(1), attached is a copy of the proposed ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) labeled as Exhibit "1";

TROTT LAW, P.C.
31440 NORTHWESTERN HWY
STE. 145
FARMINGTON HILLS, MI
48334-5422
PHONE 248.642.2515
FACSIMILE 248.642.3628

18. That in the event a hearing on this motion is held and after said hearing the Court orders submission of an order in substantial compliance with Exhibit 1, presentment of said order shall be waived;

19. Concurrence from debtor's attorney and from Chapter 7 trustee was sought by Wells Fargo's attorney's office on November 20, 2018 and concurrence was not able to be obtained from all parties.

WHEREFORE, Wells Fargo respectfully requests that the Court enter an ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) for good cause shown pursuant to 11 U.S.C. §362(d)(1) and/or (d)(2), and that the Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3); and whatever other relief the Court deems just and equitable.

Respectfully Submitted,
Trott Law, P.C.

Dated: November 21, 2018

/S/ Marcy J. Ford (P49158)
/S/ Rose Merithew (P73319)
/S/ Shawn C. Drummond (P58471)
Attorney for Wells Fargo Bank, NA as
servicing agent for HSBC Bank USA,
National Association as Trustee for MASTR
Reperforming Loan Trust 2006-2
31440 Northwestern Hwy Ste. 145
Farmington Hills, MI 48334-5422
248.642.2515
Email: EasternECF@trottlaw.com

Trott #486123B02

TROTT LAW, P.C.
31440 NORTHWESTERN HWY
STE. 145
FARMINGTON HILLS, MI
48334-5422
PHONE 248.642.2515
FACSIMILE 248.642.3628

**EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN (Detroit)

In re:                                        Chapter 7 No. 18-54895-mar
Ronald Vern Huskins

               Debtor.                  Hon. Mark A. Randon

_____/

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3)

Movant, Wells Fargo Bank, NA as servicing agent for HSBC Bank USA, National Association as Trustee for MASTR Reperforming Loan Trust 2006-2 ("Wells Fargo"), by and through its attorneys, Trott Law, P.C., having filed a Motion For Relief From The Automatic Stay with respect to the property located at 4233 Sycamore Street, Palmyra, MI 49268; and the approximate market value of the property is $20,000.00 according to Schedule A & D; and as of November 29, 2018, the debt owing was approximately $51,436.33, and Wells Fargo may recover Attorney fees and costs for filing this Motion; and any surplus on the sale of this property shall be distributed pursuant to applicable state law and procedures; and any deficiency on the sale of this property shall be treated as an unsecured debt; and the Court being in receipt of the Motion, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED that the Automatic Stay is hereby terminated as to Wells Fargo with respect to the property located at 4233 Sycamore Street, Palmyra, MI 49268 to allow Wells Fargo to commence or continue its federal and/or state law rights to the property. In the event Wells Fargo deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s)/homeowner(s), Wells Fargo may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as Debtor(s) should Wells Fargo seek to shorten the redemption period. Wells Fargo and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement, deed in lieu of foreclosure/short sale or other loss mitigation solution. That Wells Fargo may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement. This Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3). This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.